IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARGARET A. TORRES-RIVERA
GUADALUPE GOMEZ-CORA
ERNID M. GOMEZ-TORRES
TALINA A. FERNANDEZ-TORRES
ANGEL L. SANTIAGO-CORA
and RAMONA CORA-HUERTAS

Plaintiffs

vs   CIVIL 99-1972CCC

ERNESTO ESPADA-CRUZ
CHARLES O'NEILL-CANCEL
and JOHN DOE and RICHARD ROE,
as yet unidentified state government officers, in their individual capacities

Defendants

# O R D E R

This civil rights action is before us on Plaintiffs' Motions for Attorneys' Fees, Costs and Expenses (**docket entry 174**).[1] Defendant Charles O'Neill filed an opposition (**docket entry 180**). The plaintiffs in this action were Margaret A. Torres-Rivera, Guadalupe Gómez-Torres, Ernid Gómez-Torres, Salina A. Fernández-Torres, Angel L. Santiago-Cora and Ramona Cora-Huertas. The claims raised in the complaint were made against two police officers–Ernesto Espada-Cruz and Charles O'Neill-Cancel.

The allegations of the complaint are very sparse and undifferentiated. At paragraph 7 plaintiffs state, in pertinent part:

> . . . all defendants, acting under color of law, illegally and maliciously assaulted, pointed a firearm, threatened with serious bodily harm and terrorized coplaintiffs Ernid M. Gómez-Torres, Mr. Angel L. Santiago-Cora Ms. Margaret A. Torres-Rivera, and Talina A. Fernández -Torres for no valid reason. Moreover, at that time they also searched, beat, detained, arrested and inflicted injuries and serious bodily harm upon coplaintiffs Ernid M. Gómez-Torres and Mr. Angel L. Santiago-Cora, illegally, intentionally and without just or probable cause, all under color of law. Among other things, defendants hit with a club, with their hands and with their feet, the genital areas, arms, legs and head areas of coplaintiffs Ernid Gómez-Torres and Mr. Angel L. Santiago-Cora, with the purpose of harassing, intimidating and injuring them, without any justification.

---

[1] The first petition **(docket entry 173)**, which was incomplete in that it included only Mr. Cerda's time sheet, is MOOT.

By the time the parties prepared the proposed pretrial order, it was stipulated that Officer O'Neill did not physically beat any of the plaintiffs. According to the jury instructions submitted by the plaintiffs, Margaret Torres-Rivera's claims against O'Neill were that he assaulted her and used excessive force on her by pointing a gun at her without legal justification. Gómez-Torres' claims against O'Neill were 1) that the officer falsely stopped and/or detained him without probable cause; 2) that O'Neill assaulted him and used excessive force against him when the officer pointed a gun at him without justification and 3) that O'Neill unreasonably assisted defendant Espada-Cruz, made him vulnerable to Espada-Cruz, and failed to intervene before and when Espada-Cruz used excessive force on Gómez-Torres.[2]

Partial Judgment was entered dismissing the action brought by three of the plaintiffs–Talina Fernández, Ramona Cora and Guadalupe Gómez–(docket entry 30) prior to trial. The remaining plaintiffs went to trial. The claims brought by Angel Santiago against O'Neill were dismissed by way of the Rule 50 motion at the close of plaintiffs' case (docket entry 123). Partial Judgment granting the first Motion for Summary Judgment was entered (docket entry 128) dismissing the constitutional and Article 1802 claims filed by Margaret Torres-Rivera. Of the six plaintiffs in this action, who brought claims against the two defendants, only Ernid Gómez-Torres and Margaret Torres-Rivera prevailed against O'Neill. Thus, the plaintiffs prevailed against O'Neill on only a portion of the total claims brought in the complaint. In sum, six plaintiffs brought this action against two defendants seeking over $5,550,000.00 in damages. By the time the trial began, only three of them remained. The jury awarded these remaining three a total of $220,000 in damages against defendant Espada-Cruz. Gómez-Torres and Torres-Rivera were awarded the total sum of $120,000 against defendant O'Neill.

Attorney Irizarry handled this action through the entire three year pretrial phase–that is, from the filing of the complaint on August 27, 1999 through July 24, 2002, a week before the trial was due to begin, at which time attorney Cerda appeared *pro hac vice*, joining an

---

[2]Plaintiffs' proposed jury instruction #5,(docket entry 112).

interlocutory appeal.  After various delays caused by matters such as attempts to settle the case, a calendar conflict with a criminal trial and resolution of evidentiary issues, the trial began on August 6, 2003 and lasted five days.

"Plaintiffs' attorney, David A. Cerda, represents that his billable rate of $350.00 per hour is commensurate with that of other plaintiffs' attorneys in Chicago, Illinois involved with Section 1983 litigation of similar skill and experience."[3]  He also represents that the billable rate for his paralegal, $175.00 per hour is commensurate with that of other paralegal with similar skills and experience in Chicago.  This case, however, was filed and litigated in the District Court of Puerto Rico.  In sculpting the reasonable hourly rate, the court should take into account the prevailing rate in the community for comparably qualified attorneys.  Vieques Conservation and Historical Trust, Inc. v. Martínez , 313 F. Supp. 2d 40, 45 (D. Puerto Rico 2004); see, also, Lipsett v. Blanco, 975 F.3d. 1179, 1190 (1st Cir. 1992).  The District Court is entitled to rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate. Andrade v. Jamestown Housing Authority, 124 F.3d. 331, 337 (1st Cir. 1997).   Attorney Irizarry represents that his billable rate is $200.00 per hour, which is commensurate with that of other plaintiffs' attorneys, with similar skills and experience, in San Juan, Puerto Rico.  This requested rate is within the parameters of fees recently awarded to other attorneys in similar cases in this District.  See, e.g. Ciudadana v. Gracia- Morales 359 F.2d 38, 45 (D. Puerto Rico 2005) (rates of $200.00 per hour for out of court time and $225.00 per hour for in-court work); Vieques Conservation and Historical Trust, Inc. v. Martínez, 313 F. Supp. 2d 40 (D. Puerto Rico 2004)( rates of $225.00 and $200.00 per hour).  Therefore, the prevailing rate for this community is considered to be $200.00-$225.00 per hour.

We now turn to the attorneys' time sheet.  For the most part, the entries, which do not provide docket numbers, titles, or any reference to the subject matter, make it difficult to determine if and how they relate to the claims on which plaintiffs prevailed.  Once attorney Cerda

---

[3]Plaintiffs' Second Motion for Attorneys' Fees, p.2 ¶10

entered the case, most of the entries combined several tasks, e.g., July 23, 2002– [Cerda] Telephone call to Irizarry; research jury instructions, telephone call from Irizarry; telephone call to Irizarry–5.40hours [Irizarry]–review court order; telephone call to Cerda; telephone call from Cerda; telephone call from Cerda; research jury instructions. July 29, 2002–[Cerda] Travel to Puerto Rico for trial; work on voir dire; work on jury instructions; meeting with co-counsel; telephone conferences with court personnel. 11.90 hours. [Irizarry] Work on voir dire issues; work on jury instruction; meeting with co-counsel; telephone conferences with court personnel. 6.20 hours.  From a later entry for his return to Chicago, Cerda billed six hours.

The vagueness of the entries, the duplication of work, i.e. the calls to the court and research and preparation of jury instructions,[4] make it difficult to evaluate an appropriate fee in terms of hours spent on prevailing claims. While the time spent in travel within Puerto Rico related to the case is a reasonable expenditure, we find that it is unreasonable to charge to defendant O'Neill the extraordinary travel time between San Juan and Chicago incurred by attorney Cerda, which arose from plaintiffs' decision to hire a second attorney from so far away. Moreover, waiting time at the airports and during the flight could have been used to accomplish case related tasks that could be billed as such.

Accordingly, we Grant plaintiffs Motion for Attorneys Fees, Costs, and Expenses. Plaintiffs are awarded the sum of $46,000 as follows:$25,000 for the work done by attorney Sigrid Irizarry and $15, 000 for the work done by attorney David A. Cerda. The remaining $1, 000 is allotted for the work of Mr. Cerda's paralegal, whose tasks appear to be primarily reviewing documents and clerical work.  The Clerk of the Court shall calculate the reimbursable costs.

SO ORDERED.
At San Juan, Puerto Rico, on July 27, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[4]The voir dire and jury instructions submitted were routine in nature; where individualized, they were recitations of factual situations supporting plaintiffs' claims, with which the attorneys should have been intimately familiar with well before this task was begun.